NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0541n.06

No. 13-5823

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 22, 2014
DEBORAH S. HUNT, Clerk

WALLACE WILLINGHAM,                    )
                                       )
        Petitioner-Appellant,          )
                                       )
v.                                     )    ON APPEAL FROM THE
                                       )    UNITED STATES DISTRICT
HENRY STEWARD, Warden,                 )    COURT FOR THE MIDDLE
                                       )    DISTRICT OF TENNESSEE
        Respondent-Appellee.           )
                                       )
                                       )

        Before: SILER and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

        KETHLEDGE, Circuit Judge.   A Tennessee jury convicted Wallace Willingham of

possession of cocaine.  He appeals the district court's denial of his petition for a writ of habeas

corpus attacking that conviction.  We affirm.

        While executing a search warrant, police found cocaine in Willingham's house.

Consequently, the State charged him with possession of cocaine.  Initially, Willingham was

represented by a public defender.  During that representation, Willingham turned down a plea

offer of six years in prison, which the State later withdrew.  Willingham then decided to hire

Keith Peterson to replace the public defender.  Willingham says that Peterson failed to mention

two facts before trial:  first, that Willingham could face 30 years in prison as a career offender if

convicted; and second, that the State had made a nine-year plea offer.  Peterson says he

---

        [*]The Honorable Michael H. Watson, Judge for the Southern District of Ohio, sitting by
designation.

mentioned both facts to Willingham, or at least it was his habit and practice to convey such information to his clients.

In any event, the State eventually withdrew the nine-year offer and notified Willingham that it would seek the career-offender sentence upon a conviction. The State made one last plea offer of 20 years, which Willingham turned down. At trial, a jury convicted Willingham of possession of more than half a gram of cocaine. The trial court sentenced him to the 30-year career-offender sentence. Willingham appealed and sought state post-conviction relief to no effect. He then filed a petition for a writ of habeas corpus, which the district court denied. The court did grant Willingham a certificate of appealability, however, which brings us to this appeal.

Willingham claims that Peterson was constitutionally ineffective for failing to inform him about the potential career-offender sentence and the nine-year plea offer. Had he known both facts, Willingham says, he would have taken the nine-year offer.

As an initial matter, the State says that any ineffectiveness as to the nine-year offer is beyond the certificate of appealability—in which case, we may not review it. *Moreland v. Bradshaw*, 699 F.3d 908, 919 (6th Cir. 2012). The district court granted Willingham a certificate of appealability on his "claim of ineffective assistance of trial counsel on sentencing issues." The State says that the nine-year offer is not a sentencing issue. But in the district court (as here) Willingham's ineffective-assistance claim rested upon both of Peterson's putative failures together. The district court did nothing to demarcate the two putative failures when it rejected the claim. And the most important part of a plea offer—for the defendant, at least—is the sentence. The nine-year plea offer falls within the capacious heading "sentencing issues."

Hence we turn to the merits of Willingham's ineffectiveness claim. Ineffective assistance requires deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687

(1984). Here, the state court's rejection of Willingham's claim turned on the factual determination that Peterson had indeed told Willingham about the potential career-offender sentence and the nine-year offer—in which case, no ineffective assistance. Under AEDPA, we may grant the writ only if that factual determination was "unreasonable[.]" 28 U.S.C. § 2254(d)(2). But we presume the opposite; and Willingham must rebut that presumption by clear and convincing evidence. *Benge v. Johnson*, 474 F.3d 236, 241 (6th Cir. 2007).

To that end, Willingham testified that he and Peterson did not discuss the nine-year offer at all. Willingham also testified that he and Peterson did not discuss the career-offender sentence until after the State had notified Willingham that it planned to seek that sentence—at which point, it was too late since the nine-year offer was gone. Peterson, for his part, did not recall too many specifics of the case, and his files had been seized during an arrest. But he did testify that he and Willingham discussed the career-offender sentence at the outset of representation, and the nine-year plea offer when it came. He then clarified that he did not recall the specific discussions, but that it was his "habit and practice" in every case to discuss the defendant's sentencing exposure at the outset of representation and any plea offers as they came. Since it is Willingham's word against Peterson's, we have no basis to say the state court's factual determination was unreasonable.

Willingham offers two responses. First, he cites Peterson's admission that he filed a faulty motion for a new trial, which stated that Willingham had been convicted of second-degree murder instead of possession of cocaine. Willingham says that this admission proves that Peterson did not follow his "habit and practice" in this case. But the state court could have

reasonably concluded that an unrelated mistake does not prove a complete failure to follow one's "habit and practice."

Second, Willingham attacks Peterson's credibility. After representing Willingham, Peterson abandoned his law practice, was disbarred, and later arrested. But Willingham must overcome the "great deference" we give to state-court credibility determinations. *Howell v. Hodge*, 710 F.3d 381, 386 (6th Cir. 2013) (internal quotation marks omitted). And the details Willingham marshals in that effort—besides the mere facts of disbarment and arrest—were not before the state court, and are thus beyond our review now. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). A state court can reasonably credit a witness who has been disbarred, or even arrested; indeed, courts and juries credit the testimony of felons every day. Willingham's attack on Peterson's credibility therefore fails.

The district court's judgment is affirmed.